# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 19-614 (PAD) |
| Plaintiff, | Criminal No. 21-220 (PAD) |
| v. | |
| **DANIEL ALBERTO MATOS PASTRANA,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION
## ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING

**I.   Procedural Background**

On June 11, 2021, Defendant Daniel Alberto Matos Pastrana filed a Motion for Change of Plea in Criminal No. 19-614 (PAD) informing of his decision to change his plea of not guilty to a plea of guilty pursuant to an agreement reached with the United States of America. Docket No. 37. The matter was referred to the undersigned for the holding of a hearing under Rule 11 of the Federal Rules of Criminal Procedure. Docket No. 38. On June 16, 2021, the United States of America and Defendant entered into a Plea Agreement. Docket No. 43. Pursuant to the Plea Agreement, Defendant agreed to plead guilty as to Counts One, Two and Three of the Indictment in Criminal No. 19-614 (PAD).

Count One of the Indictment charges that on or about April 20, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a grey-colored 2010 Toyota Tacoma bearing Puerto Rico license plate number 866-787, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

USA v. Daniel Matos Pastrana
Cr. No. 19-614 (PAD) and Cr. No. 21-220 (PAD)
Report and Recommendation on Guilty Plea

Count Two of the Indictment charges that on or about April 20, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did knowingly carry, use, and brandish a firearm of unknown make, model, and serial number, during and in relation to a crime of violence that could be prosecuted in a court of the United States, as charged in Count One of the Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Count Three of the Indictment charges that on or about May 12, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a black-colored 2019 Nissan Kick bearing Puerto Rico license plate number JDU465, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

On June 22, 2021, Defendant waived prosecution by indictment in Criminal No. 21-220 (PAD). Docket No. 1. The matter was referred to the undersigned for a hearing on waiver of indictment, the filing of an information and a plea hearing under Rule 11 of the Federal Rules of Criminal Procedure. Id. Such a hearing was held on June 22, 2021, and the Information was filed on that same day. Docket No. 2.[1] Pursuant to the Plea Agreement executed by Defendant on June 16, 2021 (in Criminal No. 19-614 (PAD)), Defendant also agreed to plead guilty as to Counts One, Two, Three and Four of the Information in Criminal No. 21-220 (PAD). Docket No. 3.

Count One of the Information charges that on or about April 8, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a red-colored 1997 Mitsubishi Mirage motor vehicle bearing license plate number IYK945, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

Count Two of the Information charges that on or about May 11, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a 2014 Kia Sorrento motor vehicle bearing license plate number IHK227, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence

---

[1] On the same day, the undersigned held the Initial Appearance on the Information filed by the Government in Criminal No. 21-220 (PAD).

of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

Count Three of the Information charges that on or about May 13, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a black-colored 2011 Honda Fit motor vehicle bearing license plate number HPN324, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

Count Four of the Information charges that on or about May 13, 2019, in the District of Puerto Rico and within the jurisdiction of the Court, the Defendant did take a motor vehicle—to wit: a 2014 Nissan Rogue motor vehicle bearing license plate number IKD550, which had been transported, shipped, and received in interstate or foreign commerce—from the person or presence of another, by force, violence, and intimidation, with the intent to cause death or serious bodily injury. All in violation of Title 18, United States Code, Section 2119(1).

On June 22, 2021, Defendant appeared before this Court for a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure both in Criminal No. 19-614 (PAD) and Criminal No. 21-220 (PAD). See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

**II.    Consent to Proceed Via Video Conference**

Defendant was advised of his right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, he was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel, the interpreter and the courtroom deputy all appeared by video conference. Defendant was asked for

his consent to proceed via video conference. Defendant consented to appearing via video conference. See also Criminal No. 19-641 (PAD) at Docket No. 41. Defendant's image and voice were clear, and Defendant could always clearly see and hear the Court and the attorneys. As a result, and pursuant to the CARES Act, the change of plea hearing was held by video conference.

### III.     Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Criminal No. 19-614 (PAD) at Docket No. 42 and Criminal No. 21-220 (PAD) at Docket No. 7. Defendant validated his signature and informed that he consented to proceeding before a magistrate judge. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

### IV.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

#### A.   Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, in order to ascertain his capacity to understand, answer

and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment[2] and fully discussed the charges both in the Indictment and the Information with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers from both that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Plea Agreement

Defendant was shown his plea agreement through the computer and he identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the plea agreement, that the plea agreement represented the entirety of his understanding with the Government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. He was also explained the purpose of the plea agreement supplement and he acknowledged having discussed it with his attorney. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are merely recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was fully aware that, if the District Judge did not follow the recommendations in the plea agreement, he would not

---

[2] Although the Defendant had not received a copy of the Information, he did receive, review, and discuss in Spanish with his attorney the Plea Agreement, and the Plea Agreement contains an exact transcription of all of the charges included in the Information. See Plea Agreement, Criminal No. 21-220 (PAD) at Docket No. 3 pages 2-3. Furthermore, as part of the Initial Appearance held for the Information on the same day, the Court read to the Defendant all the charges included in the Information.

be allowed to withdraw his plea of guilty solely because he received a sentence higher than he expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all of the promises and agreements the he made with the Government and that no one made any other or different promise or assurance of any kind in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Throughout the hearing, Defendant was free to consult with his attorney and he confirmed that his agreement to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Upon questioning, Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty.

Counts One and Three of the Indictment, as well as Counts One, Two, Three and Four of the Information, carry a term of imprisonment which shall not be more than fifteen (15) years, pursuant to 18 U.S.C. § 2119(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); and a term of supervised release of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2). Count Two of the Indictment carries a term of imprisonment which shall not be less than seven (7) years and up life, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); and a term of supervised release of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b)(1). In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a).

Defendant indicated that he understood the maximum penalties for Counts One, Two and Three of the Indictment, and for Counts One, Two, Three and Four of the Information, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release. And that, if he is currently on supervised release in a different case than the one object of the Indictment and Information here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government.

Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

**E.  Sentencing Procedure**

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole.

Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and if the imprisonment sentence imposed by the Court for Count Two of the Indictment is 84 months and the imprisonment sentences imposed by the Court for the carjacking counts (Counts One and Three of the Indictment and Counts One, Two, Three and Four of the Information) are within or below the guideline range for total offense level of 29 when combined with the Defendant's criminal history category as determined by the Court. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver in paragraph ten (10) of the Plea Agreement.

### F.  Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or a compulsory process to compel the attendance of witness to testify at trial, and the right to decline to testify and remain silent, unless he voluntarily elected to do so. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One, Two and Three of the Indictment, as well as Counts One, Two, Three and Four of the Information, and was provided an explanation of the elements of the offenses, as well as the meaning of technical terms used in the Indictment and the Information to describe the offenses as charged. Defendant expressed that he understood the elements of the offenses and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial on each one of the offenses charged. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One, Two and Three of the Indictment and as to Counts One, Two, Three and Four of the Information.

### V. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One, Two and Three of the Indictment and as to Counts One, Two, Three and Four of the Information.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Daniel Alberto Matos Pastrana**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One, Two and Three of the Indictment and as to Counts One, Two, Three and Four of the Information.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be

**USA v. Daniel Matos Pastrana**
**Cr. No. 19-614 (PAD) and Cr. No. 21-220 (PAD)**
**Report and Recommendation on Guilty Plea**

filed with the Clerk of the Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Pedro A. Delgado Hernández.**

In San Juan, Puerto Rico, this 22nd day of June 2021.

                                              s/Giselle López-Soler
                                              GISELLE LÓPEZ-SOLER
                                              United States Magistrate Judge